**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALLISON BRADLEY,

    Plaintiff,

v.                                                     Case No:  8:18-cv-2830-WFJ-SPF

OCWEN LOAN SERVICING LLC,

    Defendant.

_____

**NOTICE OF SETTLEMENT AND MOTION TO DETERMINE EFFECT OF CHARGING LIEN ON DISBURSEMENT OF SETTLEMENT PROCEEDS**

Defendant, Ocwen Loan Servicing, LLC, hereby notifies the Court that the Parties have agreed to terms of settlement resolving all claims alleged in Plaintiff's Complaint. However, on August 2, 2019, Plaintiff's former attorney, William Peerce Howard ("Mr. Howard") of the Consumer Protection Law Firm, filed a Notice of Charging Lien [ECF No. 73] (the "Charging Lien"), asserting a claim to settlement proceeds for payment of his attorneys' fees and costs. Ocwen, therefore, asks the Court to determine the amount, if any, of the settlement proceeds that should be paid to the Consumer Protection Law Firm. In support thereof, Ocwen states as follows:

    1.    On August 1, 2019, Mr. Howard withdrew as counsel for Plaintiff. [ECF No. 72] and subsequently filed the Charging Lien, claiming "a charging lien against any property or funds received or receivable by Plaintiff in this action, whether by settlement, judgment or otherwise. . ." [ECF No. 73]

    2.    After extensive negotiations, the Parties reached a full and final settlement of

1

this matter and on October 28, 2019, Plaintiff returned an executed copy of the settlement agreement.

3. Through his charging lien, Plaintiff's former counsel may have an interest in the proceeds of the settlement.

4. Plaintiff's former counsel has not yet filed a motion to enforce the charging lien and this Court has not otherwise addressed the validity of the charging lien.

5. In order to properly disburse the settlement funds to each interested person, Ocwen respectfully requests an order from this Court directing it as to how much of the settlement proceeds should be paid to Plaintiff and how much, if any, should be paid to the Consumer Protection Law firm for its costs and Mr. Howards services.

WHEREFORE, Ocwen respectfully requests that this Court enter an Order instructing Ocwen as to how to disburse the settlement funds between Plaintiff and her former attorney.

Dated: October 29, 2019                                   Respectfully submitted,

*/s/Aliza Beth Malouf*
Aliza Beth Malouf, Esq.
Florida Bar No. 1010546
Hunton, Andrews, Kurth LLP
1445 Ross Avenue, Suite 3700
Dallas, TX 75202
Tel: 214-979-8229
amalouf@HuntonAK.com
*Counsel for Defendant*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), I hereby certify that on October 28, 2019, undersigned counsel called Plaintiff to meet and confer regarding the relief requested herein. Plaintiff indicated that she does not oppose the requested relief.

*/s/ Aliza Malouf*  
Aliza Malouf

## CERTIFICATE OF SERVICE

I certify that on October 29, 2019, the foregoing document was electronically filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day on Plaintiff via overnight mail to Allison Bradley 405 Papaya Drive, Tampa, FL 33619.

*/s/ Aliza Malouf*  
Aliza Malouf